UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOE B. UPCHURCH AND
MARY BETH UPCHURCH                                                                    PLAINTIFFS

V.                                                            CIVIL ACTION NO. 3:11CV252 DPJ-FKB

DAVID HARCHARIK, JULIUS HUDSON,
AND BARRY STINGLEY                                                                   DEFENDANTS

ORDER

This § 1983 case is before the Court on the following pre-trial motions: (1) Defendants' Motion in Limine [72]; (2) Plaintiffs' Motion in Limine to Exclude Alleged Criminal Conduct [74]; (3) Plaintiffs' Motion in Limine to Exclude Favorable Contents of Personnel Files [75]; and (4) the parties' Joint Motion for Continuance [80]. Having fully considered the premises and discussed the motions with counsel during the pretrial conference, the Court rules as follows.

I.    Standard

As summarized by the Fifth Circuit Court of Appeals:

A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n. 1 (5th Cir. 1977) (citation and quotation omitted).

II.   Motions

A.    Defendants' Motion in Limine [72] and Plaintiffs' Motion in Limine [74]

These motions are somewhat related. Joe Upchurch was arrested under Mississippi Code § 97-35-7(l) (disorderly conduct-failure to comply), § 97-29-47 (public drunk), and § 97-9-73

(resisting arrest) following an altercation with the defendant police officers.  The charges were later remanded to the file.  Defendants contend that the disposition of the charges is not relevant to an excessive force claim, whereas Plaintiffs contends that the jury should not hear "any conduct involving public intoxication or resisting arrest."  Pls.' Mot. [74] at 3.

As an initial point, Plaintiffs' motion is denied because the evidence they seek to exclude is the very evidence that must be considered in an excessive force context.

> In determining whether a use of force was reasonable, we look to the totality of the circumstances, giving "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."

*Ramirez v. Martinez*, 716 F.3d 369, 377 (5th Cir. 2013) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989) (other internal citation omitted)).  So in this case, the jury must be allowed to hear evidence regarding Joe Upchurch's alleged conduct at the scene to determine whether the force used in response to that conduct was excessive.

Defendants' motion seeks to exclude evidence regarding the disposition of the charges.  That motion is granted.  Plaintiffs expressed concern that Defendants will attempt to "defend their civil case by retrying any criminal charges they swore against Joe Upchurch, which failed in the Rankin County Justice Court."  Pls.' Mot. [74] at 2.  But the question for the jury is whether Defendants used excessive force under the circumstances.  The jury will not be asked to decide Joe Upchurch's guilt or innocence, and it should not be influenced by the prosecutorial decisions that followed is arrest.

The disposition of the criminal case is therefore irrelevant and inadmissible under Rules 401 and 402.  To the extent there is any probative value, it is substantially outweighed by the risk

of confusion and unfair prejudice under Rule 403. *See MacGregor v. Collins*, 160 F. App'x 573, 574 (9th Cir. 2005) ("[T]he fact that MacGregor was neither charged with nor convicted of a violation of California Penal Code § 148 was not relevant to MacGregor's claim of excessive force by Officer Collins."); *Schutz v. Honick*, No. 2:10–cv–832, 2012 WL 1658511, at *4 (W.D. Pa. May 11, 2012) ("As a general matter, the subsequent disposition of the criminal charges against Schutz has little relevance to the issues in this case."); *Allen v. City of Los Angeles*, CV 10-4695 CAS RCX, 2012 WL 1641712 (C.D. Cal. May 7, 2012) (finding that evidence regarding dismissal of criminal charges in excessive force case would be " irrelevant and unduly prejudicial"); *Picciano v. McLoughlin*, No. 5:07–CV–0781 (GTS/GJD), 2010 WL 4366999, at *6 (N.D.N.Y. Oct. 28, 2010) (holding that "the ultimate disposition of Plaintiff's arrest is irrelevant to the issue of whether Plaintiff was subjected to excessive force, and is likely to confuse the jury"); *Starks-Harris v. Taylor*, 1:08-CV-176, 2009 WL 2970382 (N.D. Ind. Sept. 11, 2009) ("Whether or not Starks–Harris was later charged with a crime is irrelevant when deciding whether the amount of force the Officers used in arresting her was excessive.").

It is important to note that the severity of alleged crimes is a legitimate factor for the jury, so the jury should generally hear what the officers believed Joe Upchurch had committed (*e.g.*, resisting arrest). But the witnesses may not discuss the actual charges or their ultimate disposition. Finally, in an effort to address Plaintiffs' concerns, the Court will give a limiting instruction informing the jury that the disposition of the charges is not their concern and should not influence their deliberations. The jury will be reminded that whether or not Joe Upchurch committed an criminal offense is not their concern. Plaintiffs are invited to draft a proposed

instruction and share it with opposing counsel.  If an agreement cannot be reached, the issue can be presented to the Court.

      B.      Plaintiffs' Motion in Limine to Exclude Favorable Contents of Personnel Files [75]

Plaintiffs seek exclusion of "any reference to awards, certificates, medals, or other meritorious conduct of the Defendants." Pls.' Mot. [13] at 1.  During the pretrial conference, the parties agreed that the officers' training (as reflected in various certificates) would be relevant but that accommodations, awards, medals or the like would not.  The motion is granted to this extent.

      C.      Motion for Continuance [80]

The motion is granted and the case is moved to the Court's March trial calendar.

III.      Conclusion

Based on the foregoing, the Court finds as follows: (1) Defendants' Motion in Limine [72] is granted; (2) Plaintiffs' Motion in Limine to Exclude Alleged Criminal Conduct [74] is denied; (3) Plaintiffs' Motion in Limine to Exclude Favorable Contents of Personnel Files [75] is granted; and (4) the parties' Joint Motion for Continuance [80] is granted.  The trial of this matter is set for March 3, 2014.

      **SO ORDERED AND ADJUDGED** this the 17th day of December, 2013.

      s/ *Daniel P. Jordan III*
      UNITED STATES DISTRICT JUDGE